UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00453 AG (DTBx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | ROSALYN OMOYELE ET AL. v. MICHELLE SIMON ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Plaintiffs Rosalyn Omoyele and Jacquelyn Williams filed this case in federal district court against numerous defendants for various imprecise claims. (Dkt. No. 1.) But in the complaint, Plaintiffs have failed to make any representations regarding "subject matter jurisdiction." The Court is therefore concerned about whether it has subject matter jurisdiction over this case. *See* U.S. Const. art. III, § 2.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

There are two common bases for federal courts to exercise their power to rule. First, federal courts can rule on claims arising under our nation's Constitution, laws, or treaties. *See* 28 U.S.C. § 1331. This is called "federal question jurisdiction." Second, federal courts can rule in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). This is called "diversity jurisdiction."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00453 AG (DTBx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | ROSALYN OMOYELE ET AL. v. MICHELLE SIMON ET AL. | | |

Accordingly, the Court ORDERS Plaintiff to appear on **June 6, 2016 at 9:00 a.m.** to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Defendants do not need to but may appear if they wish.

The Court also takes this opportunity to note that Plaintiffs may be proceeding without the assistance of counsel. The Court is mindful that people who appear *pro se* often have difficulty navigating the legal system. For that reason, documents filed *pro se* are to be "liberally construed" and held to "less stringent standards." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, litigants without lawyers are "bound by the rules of procedure" applicable in federal court. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The Court encourages Plaintiffs to take advantage of the resources available at the free "Federal Pro Se Clinic" at the Santa Ana federal courthouse. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. More information can be found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf and selecting "Pro Se Clinic - Santa Ana."

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |